No. 3554.—H. Forbes, Wife of George Warner, *v.* V. C. Burke et al. D. R. Carroll, Intervenor.

After a succession has been partitioned among the heirs, and the portions allotted to each one of the heirs has been set apart to them, the share of one of the heirs can not be pledged, because it can not be delivered.

A written instrument in favor of a creditor signed by one of the heirs, acknowledging her indebtedness and transferring her interest to the creditor, has no legal effect, because there was no fixed price, nor an extinguishment of the debt, it being neither a sale nor a payment of the debt.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud,* J. *Hays & New* and *R. Shackleford,* for appellant. *D. C. Labatt,* for appellees.

Howell, J. After judgment was rendered herein in February, 1871, recognizing the heirs of John and Mary Alexander, fixing their respective portions, and ordering the sale of the property to effect a partition, and after the sale had been made, D. R. Carroll intervened, claiming the portion allotted to Lina Mary Quirk, one of said heirs, by virtue of the following instrument:

H. Forbes, Wife of George Warner, v. Burke et al.—Carroll, Intervenor.

"New Orleans, first November, 1861.

Being indebted to D. R. Carroll & Co. in a sum exceeding three thousand dollars, and being desirous to secure to them whatever I may owe them upon a settlement of accounts, I hereby transfer, sell and assign to them all my right, title and interest in and to the succession of Mary Ann Williamson Alexander, of which succession I am an heir, having inherited from my child, who was the grandchild of the said Mrs. Alexander, and who died subsequent to her and her mother.

(Signed)                                   D. V. QUIRK."

In connection with this, J. G. McLearn, one of the firm of D. R. Carroll & Co., testified that said Quirk being indebted to his firm, they requested him. to give them some security or relieve them from his indebtedness, and that the above transfer was given as a security to pay them what he owed them. Such was the object of it, Quirk hoping that something would be realized out of it.

There being no fixed price nor an extinguishment of the debt, there was neither a sale nor a giving in payment. And as a succession right can not be pledged, because a delivery can not be made (3 L. 156), the above instrument was without any effect. The *ex parte* order of the court based on it could not give it force as against those not parties to the suit.

It is therefore ordered that the judgment appealed from be affirmed, with costs.